# Finnegan *v.* Monongahela Water Company, Appellant.

*Negligence—Water company—Sinking of ground in street—Evidence— Case for jury.*

In an action by a woman against a water company to recover damages for personal injuries, the case is for the jury, where the evidence tended to show that while plaintiff was standing in the cartway of a street waiting for a street car the surface gave way under her precipitating her into a cavity at the bottom of which was a water main of the defendant; that the covering of the hole was merely the frozen crust of ground over the place where persons entered upon street cars; that a

few days before defendant's employees had made some repairs to the pipes underlying the street, and that the physical condition of the ground was such as to show conclusively that defective, negligent and careless work had been done.

Argued April 18, 1913.  Appeals, Nos. 34 and 35, April T., 1913, by defendant, from judgment of C. P., No. 3, Allegheny Co., Feb. T., 1910, No. 727, on verdict for plaintiffs in case of John Finnegan and Mary Finnegan, his wife, v. Monongahela Water Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

Verdict and judgment for John Finnegan for $200 and for Mary Finnegan for $1,000.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Harry F. Stambaugh*, with him *Watson & Freeman*, for appellant.—The mere happening of an accident raises no presumption of negligence, but some specific act of negligence by the defendant must be affirmatively shown: Rist v. Philadelphia Rapid Transit Co., 236 Pa. 218; Joyce v. Black, 226 Pa. 408; Seitzinger v. Burnham, 223 Pa. 537; Quigley v. Standard Steel Car Co., 226 Pa. 35; Cline v. Pittsburg Rys. Co., 226 Pa. 586; Zahniser v. Torpedo Co., 190 Pa. 350; Beck v. Germantown Cricket Club, 228 Pa. 173.

The defendant's obligation ceased when it filled the excavation: Hyams v. Webster, L. R. 2 Q. B. 264.

Before a possible cause can be accepted, a direct causal connection with the accident must be shown, unless the evidence excludes all other causes: Lewis v. R. R. Co., 220 Pa. 317; Salerno v. Ry. Co., 46 Pa. Superior Ct. 243; Stringet v. Ross Twp., 179 Pa. 614;

Green v. Ry. Co., 219 Pa. 241; Alexander v. Water Co., 201 Pa. 252.

*Meredith R. Marshall*, with him *Rody P. Marshall*, for appellee.

OPINION BY ORLADY, July 16, 1913:

Mary Finnegan recovered a verdict of $1,000, and John, her husband, one for $200, as damages for injuries received by her while she was standing on West Carson street waiting for an approaching street car. A portion of the surface of the street suddenly gave way under her and she fell through an opening about thirty inches in diameter into a cavity considerably larger. In the bottom of the hole were placed a six-inch water main of the defendant and a five-inch crock or earthen sewer belonging to the city. The exact cause which produced this hole was not very clearly established. The covering of the hole was but the frozen crust of ground which formed a part of the public highway and at a place where persons entered upon street cars. A few days before the defendant's employees made some repairs to the pipes underlying the street, and whether the hole had been properly filled, or whether in tamping the ground the sewer pipe had been broken so as to allow the filled earth to wash away through the sewer, could not be definitely shown, but the physical situation was such, as to conclusively show that defective, negligent and careless work had been applied to it. It was not basing a presumption upon a presumption, as there were · fixed and ascertained facts clearly showing the situation as made by the defendant's employees.

The time and manner of digging and filling the hole by the defendant's employees was fully explained by the evidence, and it put on the defendant the burden of satisfying the jury that they had not been negligent in so doing. The language used by the court in defining

negligence is as follows, viz.: "Negligence is a failure of duty, a duty that one person owes to another. The failure of duty, if any, upon the part of the defendant company was in filling this excavation improperly or in doing this work improperly," is to be taken in the light of the brief testimony adduced on the trial, and if further and more elaborate instructions in regard to this was desired the attention of the court should have been called to it at the time. It is not sufficiently clear that the jury did not fully understand the degree of care and measure of duty required of the defendant to justify a reversal for this reason.

The case was fully and fairly tried. The verdict was a reasonable one and a retrial would not likely result in a reduced verdict. We find no sufficient reason for imposing such an added burden on either party.

The judgment is affirmed.